# Norfolk

## GEORGE C. POPE

v.

## COMMONWEALTH OF VIRGINIA

No. 1160-92-1

Decided October 11, 1994

COUNSEL

William H. Swan, III (Glen Johnson; Goss, Johnson & Meier, on brief), for appellant.

Robert B. Condon, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

BENTON, J.—George C. Pope appeals his conviction for forgery in violation of Code § 18.2-172. Pope contends (1) the circuit court did not have jurisdiction to try him because his conviction was initially obtained in the wrong court, and (2) the evidence was insufficient to convict him because of the absence of proof that the alleged forgery operated to anyone's prejudice. For the reasons that follow, we vacate the conviction.

I.

On March 17, 1991, Pope was stopped for speeding in the City of Norfolk. When the police officer asked him to sign a uniform traffic summons to acknowledge receipt of it, Pope signed the name of his brother, Leslie Pope. Several months later, Pope was arrested for forgery. When he appeared in the Norfolk General District Court on the warrant of arrest, he waived his right to a preliminary hearing on that charge. The case was certified to the circuit court, where Pope was indicted for forgery in violation of Code § 18.2-172.

At the trial in the circuit court, Pope's brother testified that he had not been speeding on March 17, 1991, that he had not been stopped by the police on that day, and that the signature on the summons was not his. The jury found Pope guilty. The trial judge sentenced Pope in accord with the jury's guilty verdict to nine months in jail and a five hundred dollar fine. Pope noted his appeal to this Court.

II.

Pope first contends the indictment should have been dismissed because the underlying warrant was heard by the general district court and not by the juvenile and domestic relations district court. We agree.

■ By statute, the juvenile and domestic relations district courts have exclusive original jurisdiction in the following matters:

> All offenses in which one family or household member is charged with an offense in which another family or household member is the victim. In prosecution for felonies over which the court has jurisdiction, jurisdiction shall be limited to determining whether or not there is probable cause. For purposes of this subsection, "family or household member," as defined in § 16.1-228, shall also be construed to include parent and child, stepparent and stepchild, brothers and sisters, and grandparent and grandchild, regardless of whether such persons reside in the same home.

Code § 16.1-241(J).

As a threshold matter, we must decide who the victim is in a forgery case. The Commonwealth argues that forgery is an act forbidden by public statute and that the proceedings brought against Pope were in the name of the Commonwealth and for its benefit. The Commonwealth contends it is the victim and, thus, the juvenile and domestic relations district court is not imbued with jurisdiction by virtue of Code § 16.1-241(J). We disagree.

■ Although it is true that the Commonwealth is the "plaintiff" party in any criminal case in the Virginia courts, one cannot infer from that fact that the Commonwealth is the victim in all criminal cases for purposes of applying Code § 16.1-241. By the Commonwealth's rationale, no family or household member could ever be the victim of a crime committed by a family member, because the Commonwealth would be the victim. That analysis effectively renders Code § 16.1-241(J) meaningless. The clear, unambiguous language of the statute does not admit to an interpretation beyond its plain meaning. *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

At oral argument, the Commonwealth sought to narrow the scope of the interpretation it proposed by suggesting that one could be a victim of an offense so long as the offense was against his person or property, and that forgery was not such an offense. We need not decide whether the word "victim" should be so narrowly construed in light of the clear nature of the crime of forgery.

■ Forgery is a crime that can operate to the detriment of a person's liberty or property. A forged check, for example, could result in the wrongful taking of money, or in a case such as the present one, a forged signature on a summons could result in a person's wrongful detention. Although the evidence did not prove that any particular harm inured to Pope's brother as the result of Pope's forging his name on a traffic summons, we have little difficulty concluding that if the crime of forgery was committed, Pope's brother was a victim of that crime. It is the potential for harm that operates to identify the falsely named person as the "victim" of the crime. The result would be similar if Pope had attempted to murder his brother. That Pope's brother would be the "victim" of an attempted murder, even if no harm came to him as a result of the attempt, is beyond dispute.

### III.

Pope was charged with a violation of Code § 18.2-172 ("If any person forge any writing, other than such as is mentioned in [Code] §§ 18.2-168 and 18.2-170, to the prejudice of another's right . . . ."). Because Pope's brother was the victim of forgery committed by Pope, the juvenile and domestic relations district court had exclusive, original jurisdiction to "determin[e] whether there was probable cause." Code § 16.1-241(J). The Commonwealth does not dispute that after his arrest, Pope was never brought before a juvenile and domestic relations district court for the purpose of determining probable cause, or for any purpose. Rather, Pope was brought before the general district court, where he waived a preliminary hearing. Pope was later indicted and tried on the indictment.

■ Although Pope could have waived a preliminary hearing, he could not, nor can any party, waive a subject matter jurisdictional requirement. *County Sch. Bd. v. Snead*, 198 Va. 100, 105, 92 S.E.2d 497, 501 (1956). In the absence of jurisdiction, a court is powerless to act. *Bradley v. Canter*, 201 Va. 747, 759, 113 S.E.2d 878, 888 (1960). To the extent that a preliminary hearing was to be had in this case where the victim was a family member, it could not occur anywhere but in the juvenile and domestic relations court. Nothing in Code § 16.1-241(J) conferred upon the general district court power to act in the stead of the juvenile and domestic relations district court. That general district court acted

in the absence of jurisdiction and thus had no power to certify the case to the circuit court.

Accordingly, the conviction is vacated.

*Vacated.*

Baker, J., and Bray, J., concurred.