## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Larry Edward Coffey

October 30, 1996

Case No. CR 1475

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion of the defendant to vacate his conviction of statutory burglary in the Circuit Court of Amherst County on November 17, 1970. In this regard, I find that the conviction is null and void, and that it is vacated.

Mr. Coffey was charged with statutory burglary of the house of Mrs. Earl A. Ware and Leo Wood on April 30, 1970. He was found guilty on November 17, 1970, and sentenced to a suspended sentence of two years in the state penitentiary.

The order of conviction recited that Larry Edward Coffey was 18 years of age. Subsequent to the hearing on the motion to vacate the conviction, the Court listened to the audograph record of the trial proceedings. No issue was raised as to the age of the defendant. Deputy Bailess, the arresting officer, testified that all of the "defendants" were 18 years of age. No questions were asked of the defendant about his age and no representations were made by his counsel.

Mr. Coffey now maintains that he was 17 years of age at the time of the offense and at the time of his conviction. He testified in Court under oath to his age at the time of these events. Additionally, he furnished a copy of his Birth Certificate, Selective Service registration, and Social Security

registration indicating that his date of birth was January 15, 1953. Therefore, it is certain that he was age 17 at the time of the conviction.

The issue on this motion is whether the conviction was void due to his age at the time of the offense and at the time that he was convicted. Section 16.1-158(4) of the Code of Virginia in effect at the time of this offense provided that the juvenile and domestic relations court had "exclusive original jurisdiction" of the following:

> A minor who is charged with having violated, prior to the time he became eighteen years of age, any State or Federal law, municipal or county ordinance, provided that jurisdiction in federal offenses shall be concurrent with federal courts and shall be assumed only if waived by the federal court. Such minor shall be dealt with under the provisions of this law relating to juveniles.

Jurisdiction of subject matter can only be acquired by virtue of the Constitution or a statute. Consent of the parties, or acquiescence by the parties, cannot confer jurisdiction. *Shelton v. Sydnor*, 126 Va. 625, 629, 102 S.E. 83 (1920). If a court does not have jurisdiction of the subject matter, its decrees are nullities. *Barnes v. American Fertilizer Co.*, 144 Va. 692, 705, 130 S.E. 902 (1925); *Garritty v. Virginia Dep't of Social Services*, 11 Va. App. 39, 42, 396 S.E.2d 150 (1990).

In *Pope v. Commonwealth*, 19 Va. App. 130, 132-33, 449 S.E.2d 269 (1994), the Virginia Court of Appeals vacated a circuit court conviction where the preliminary hearing was held in the general district court for a crime against a family member rather than the juvenile and domestic relations district court. It was held that the circuit court did not have subject matter jurisdiction unless the case was brought in the correct court.

In the instant case, the exclusive original subject matter jurisdiction was in the juvenile and domestic relations court. Therefore, the conviction in the circuit court is void and a nullity. This Court directs that the conviction of Mr. Coffey be vacated.