## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Cornelius Rodney Coston

October 31, 1997

Case No. CR97002482-00

By Judge Lydia Calvert Taylor

The above-captioned defendant came before this court on August 1, 1997, charged with forging a public document, a violation of Virginia Code § 18.2-168. A trial was held, but verdict was withheld. The issue before this court today is whether a private security guard constitutes a public officer for the purposes of the forgery statute. This court finds that a private security guard is a public officer, and therefore finds the defendant guilty of forgery of a public record. The rationale for this ruling is set out below in this letter opinion.

Virginia Code § 18.2-168 makes it a felony knowingly to "forge a public record, or certificate, return, or attestation, of any public officer or public employee." At issue in this case was whether a private security guard qualifies as a "public officer or public employee" under the terms of the statute. The terms are not defined in that code provision, but § 42.1-77 does provide a definition of the term "public official." That Code section defines a public official as "all persons holding any office created by the Constitution of Virginia or by any act of the General Assembly, the Governor and all other officers of the executive branch of the state government, and all other officers, heads, presidents or chairmen of boards, commissions, departments, and agencies of the state government or its political subdivisions."

The General Assembly has seen fit to create an office known as "registered armed security officer," and the person who received the alleged forgery in this case was qualified as such. In Code § 9-138.8, the powers of registered armed security officers are explicated and limited. Thus, registered armed

security officers hold an office created by an act of the General Assembly and are therefore public officials pursuant to statute. In addition, this Code provision states that registered armed security officers are to be considered arresting officers, thus temporarily equivalent to police officers, for the purpose of issuing and serving summons, pursuant to § 19.2-74. Section 19.2-74 sets out the procedures for arresting a person for a crime, including by issuing a summons. Issuing a summons was the very action, and purpose, the officer was carrying out at the time the forgery was committed. Thus, at that very moment, performing that very act, the § 9-138.8 officer was, pursuant to the very statute the office he held, an arresting officer. By case law, forgery by a person of a summons issued by a police officer who is "arresting" that person for a crime – that is, a summons issued by an "arresting officer" – violates § 18.2-168. *See Pope v. Commonwealth*, 19 Va. App. 130, 449 S.E.2d 269 (1994). Section 9-138.8 registered armed security officers, by virtue of the very statute that creates their office, are considered "arresting officers" when they issue summons as set out in § 19.2-74. Because security officers are explicitly considered arresting officers for these limited purposes, under § 9-138.8, this court finds that interpreting public official to encompass public officer or public employee is appropriate statutory construction, based on the plain language of the statute.

This court finds that the plain statutory language is controlling in this case and that a registered armed security officer, as set out in § 9-138.8, is a public officer or public employee for the purposes of the forgery statute when arresting pursuant to a summons issued under § 19.2-74. The verdict and sentencing will take place as scheduled on November 26, 1997.