COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Overton

HAYWOOD LOUIS BURKE
                                              OPINION BY
v.   Record No. 0061-98-1          JUDGE ROSEMARIE ANNUNZIATA
                                          FEBRUARY 23, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         John K. Moore, Judge

            (Richard C. Clark, Senior Assistant Public
            Defender; Office of the Public Defender, on
            brief), for appellant.  Appellant submitting
            on brief.

            (Mark L. Earley, Attorney General; Richard B.
            Campbell, Assistant Attorney General, on
            brief), for appellee.


     Haywood Louis Burke ("appellant") appeals his conviction of

malicious wounding on the ground that his preliminary hearing was

improperly held in the juvenile and domestic relations district

court ("juvenile court").  Appellant argues the juvenile court

did not have jurisdiction to conduct the preliminary hearing

because his victim was not a "family or household member" as

specified in Code § 16.1-241(J).  We find that appellant waived

any objection to this defect in procedure because he failed to

raise it before trial in the circuit court.  Accordingly, we

affirm his conviction.

     Appellant was arrested and indicted for malicious wounding

after he struck Myra Saunders in the head and face multiple

times.  Appellant and Saunders were not married but had a

romantic relationship with one another at the time.  Although the

couple had no children in common and maintained separate residences in different cities, they frequently spent weekends together. The juvenile court held a preliminary hearing and then certified appellant's case to the circuit court for trial. Appellant raised no objection, in either the juvenile or circuit court, to the juvenile court's exercise of jurisdiction over his preliminary hearing. Appellant was subsequently convicted in the circuit court and received a sentence of ten years in prison with six years suspended.

On appeal, appellant contends the juvenile court did not have jurisdiction over his preliminary hearing because Saunders was not a "family or household member," as defined by Code § 16.1-228. Appellant also contends he did not waive this jurisdictional issue by his failure to object, citing authority for the proposition that the absence of subject-matter jurisdiction is always cognizable on appeal. Winston v. Commonwealth, 26 Va. App. 746, 497 S.E.2d 141 (1998); Burfoot v. Commonwealth, 23 Va. App. 38, 473 S.E.2d 724 (1996); Pope v. Commonwealth, 19 Va. App. 130, 449 S.E.2d 269 (1994). We find that appellant's reliance on these decisions is misplaced and disagree with his contentions.

Currently, Code § 16.1-241(J) gives the juvenile court "exclusive original jurisdiction" over:

> All offenses in which one family or household
> member is charged with an offense in which
> another family or household member is the
> victim . . . .

> In prosecution for felonies over which the court has jurisdiction, jurisdiction shall be limited to determining whether or not there is probable cause. <u>Any objection based on jurisdiction under this subsection shall be made . . . , in a nonjury trial, before the earlier of when the court begins to hear or receive evidence or the first witness is sworn, or it shall be conclusively waived for all purposes.</u>

Code § 16.1-241(J) (emphasis added). "A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." <u>Loudoun County Dep't of Soc. Servs. v. Etzold</u>, 245 Va. 80, 84, 425 S.E.2d 800, 802 (1993). The above-emphasized amendment to the statute is clear. Code § 16.1-241(J) requires an accused to object to the juvenile court's jurisdiction to determine probable cause before his or her trial in the circuit court commences; otherwise, the objection is waived.

Notwithstanding the amendment to Code § 16.1-241(J), appellant urges us to find that he did not waive his objection to jurisdiction in this case, contending that objections to subject-matter jurisdiction are cognizable on appeal, even if not preserved below. We disagree.

Contrary to appellant's assertions, our decision in <u>Pope</u> does not affect the result here. In <u>Pope</u>, the defendant challenged the jurisdiction of the circuit court, alleging that, under Code § 16.1-241(J), he was improperly brought before the general district court for a preliminary hearing. 19 Va. App. at

131, 449 S.E.2d at 269-70.  At that time, Code § 16.1-241(J) gave the juvenile court exclusive original jurisdiction over the following matters:

> All offenses in which one family or household member is charged with an offense in which another family or household member is the victim.  In prosecution for felonies over which the court has jurisdiction, jurisdiction shall be limited to determining whether or not there is probable cause.

Pope argued that, because he committed an offense against a "family or household member," his preliminary hearing could only be held in the juvenile court.  Id.  A panel of this Court agreed and reversed Pope's conviction.

> To the extent that a preliminary hearing was to be had in this case where the victim was a family member, it could not occur anywhere but in the juvenile and domestic relations court.  Nothing in Code § 16.1-241(J) conferred upon the general district court power to act in the stead of the juvenile and domestic relations district court.  That general district court acted in the absence of jurisdiction and thus had no power to certify the case to the circuit court.

Id. at 133-34, 449 S.E.2d at 271.

Our decision in Pope is inapposite as it was decided under an earlier version of Code § 16.1-241(J).  In its earlier form, the statute did not address the timing of an objection based on the juvenile court's exclusive jurisdiction to determine probable cause in offenses between family members.  As a result, we declined to treat Pope's waiver of his preliminary hearing before the general district court as a waiver of his objection to jurisdiction under Code § 16.1-241(J).  Id. at 133, 449 S.E.2d at

270.  We have not previously addressed the amendment to Code § 16.1-241(J), which was adopted subsequent to our decision in Pope.  We find the amended language controls this case.

When new provisions are added to existing legislation by amendment, we presume that, in making such amendment, the legislature "acted with full knowledge of and in reference to the existing law upon the same subject and the construction placed upon it by the courts."  City of Richmond v. Sutherland, 114 Va. 688, 693, 77 S.E. 470, 472 (1913).  We further presume that the legislature acted purposefully with the intent to change existing law.  Cape Henry Towers, Inc. v. National Gypsum Co., 229 Va. 596, 600, 331 S.E.2d 476, 479 (1985); Wisniewski v. Johnson, 223 Va. 141, 144, 286 S.E.2d 223, 224-25 (1982).

Appellant's analysis fails to recognize that subject-matter jurisdiction is a matter of legislative or constitutional conferral and definition.  Winston, 26 Va. App. at 752, 497 S.E.2d at 144.  It follows that, when subject-matter jurisdiction is statutorily created, the legislature is entitled to carve out exceptions to the general rule governing the judicial exercise of jurisdiction and provide that the statutorily created subject-matter jurisdiction may be waived if objection is not made in accordance with the statute.  See id. at 752 n.1, 497 S.E.2d at 144 n.1.  See also Burk v. Burk, 577 P.2d 65, 66-67 (Okla. 1978).

Finally, we note that appellant's reliance on Burfoot is misplaced.  Burfoot is distinguishable on its facts and the

statutes which governed its disposition.  Our decision in <u>Burfoot</u>
applied well-established principles of law addressing the due
process rights of juvenile defendants alleged to have committed
criminal offenses.  <u>Burfoot</u>, 23 Va. App. at 45-49, 473 S.E.2d at
728-30.  <u>See</u> <u>Matthews v. Commonwealth</u>, 216 Va. 358, 360-61, 218
S.E.2d 538, 540-41 (1975); <u>Peyton v. French</u>, 207 Va. 73, 79, 147
S.E.2d 739, 743 (1966).  In such cases, the proceedings set forth
in Code §§ 16.1-260 and 16.1-269.1 were determined to be
mandatory and jurisdictional.  Thus, among the statutory
prerequisites to the circuit court's jurisdiction are the
initiation of a proceeding by petition and the conduct of a
transfer hearing.  <u>Burfoot</u>, 23 Va. App. at 49, 473 S.E.2d at 730.

In contrast to the matter before us here, the legislature
adopted no exception to the jurisdictional prerequisites of
prosecuting a juvenile in the circuit court.  <u>Winston</u>, 26 Va.
App. at 752 n.1, 497 S.E.2d at 144 n.1 ("The waiver provision of
Code § 16.1-269.6(E) does not apply to cases . . . in which 'no
petition was filed or transfer hearing was held.'" (quoting
<u>Burfoot v. Commonwealth</u>, 23 Va. App. 38, 51, 473 S.E.2d 724, 731
(1990))).  Furthermore, the mandated procedures to initiate a
criminal prosecution of a juvenile in circuit court were not made
applicable to adults charged with violations of the criminal law
under Code §§ 16.1-241(I) or 16.1-241(J).[1]  This distinction is

---

[1]     In cases where an adult is charged with
       violations of the criminal law pursuant to
       subdivisions I or J of § 16.1-241, <u>the</u>

ostensibly rooted in the policy considerations underlying the enactment of law governing the treatment of juvenile offenders.[2] These considerations do not pertain to adult offenders whose offense may bring them within the purview of the juvenile court.

We hold that the legislature, when it enacted Code § 16.1-241(J), created an exception to the general rule that lack of subject-matter jurisdiction cannot be waived.  Accordingly, we

_____

> procedure and disposition applicable in the
>
> trial of such cases in general district court shall be applicable to trial in juvenile court. . . .
> Proceedings in cases of adults may be instituted on petition by any interested party, or on a warrant issued as provided by law, or upon the court's own motion.

Code § 16.1-259 (emphasis added).

[2] The Supreme Court of Virginia articulated these policy considerations in Peyton.

> The powers conferred [upon the juvenile and domestic relations district court by the Code] are to be exercised to effect its beneficial purposes, and in all proceedings concerning the disposition, custody and control of children coming within the purview of the law the court shall proceed upon the theory that the welfare of the child is the paramount concern of the State. . . . [T]he clear purpose and intent of the Juvenile and Domestic Relations Court Law cannot be achieved if it is not mandatory that the proceedings set forth in [Code §§ 16.1-260 and 16.1-269] be complied with.  Indeed, the very language of the statutes makes it mandatory that the aforesaid mentioned statutes be followed before criminal jurisdiction in a proper court of record comes into being.

_____
<u>Peyton</u>, 207 Va. at 79, 147 S.E.2d at 743.

hold that appellant waived his objection to the juvenile court's exercise of jurisdiction over his preliminary hearing by not raising such objection before trial in the circuit court.

The appellant's conviction is affirmed.[3]

<u>Affirmed.</u>

---

[3] Because we decide this case on the ground that appellant waived his objection to the jurisdiction of the juvenile court to determine probable cause, we do not decide whether his relationship to Saunders falls within the ambit of the term "family or household member," as the term is defined by Code § 16.1-228.