COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton*
Argued at Norfolk, Virginia


CORNELIUS RODNEY COSTON
                                            OPINION BY
v.    Record No. 0404-98-1         JUDGE NELSON T. OVERTON
                                          MARCH 23, 1999
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Lydia Calvert Taylor, Judge

              B. Cullen Gibson for appellant.

              Leah A. Darron, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     Cornelius Coston (defendant) appeals his conviction for

forgery of a public record, in violation of Code § 18.2-168.  He

contends that the summons he signed was not a public record

because it was not issued by a "public officer or public

employee."  Code § 18.2-168.  We hold that a "public officer"

did issue the summons, and we affirm.

     On November 9, 1996, Sergeant Anthony Primus was employed

as a security guard assigned to the Huntersville Apartments, a

privately owned apartment complex in Norfolk, Virginia.  Primus

was licensed by the Virginia Department of Criminal Justice

---

     *Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

Services to work as a security guard.  On this evening, Primus saw defendant trespassing on the grounds of the apartments.  When Primus stopped defendant, defendant identified himself as Clyde Washington.  Primus issued a summons to defendant which defendant also signed "Clyde Washington."  Defendant was later arrested for forging a public document, to wit:  the summons.

At trial, defendant moved to strike the evidence on the ground that Sergeant Primus was not a "public officer or public employee."  The trial court ruled that Primus was a "registered armed security guard" and such guards are public officers or employees for purposes of Code § 18.2-168, the forgery statute.  Defendant was convicted of forgery, and this appeal followed.

The question before us is whether a security guard registered pursuant to Code § 9-183.3 is a "public officer or public employee" for purposes of Code § 18.2-168.  If so, then we must affirm defendant's conviction.  If Sergeant Primus was not such an officer or employee, we must reverse.  The answer to the question requires an examination of the statutory scheme that registers and empowers security guards in the Commonwealth.

No person may "be employed by a licensed private security services business in the Commonwealth as . . . [an] armed security officer . . . without possessing a valid registration issued by the Department [of Criminal Justice Services]."  Code § 9-183.3.  Sergeant Primus testified that he was registered and

possessed a license to be a security guard.  Security officers must undergo compulsory training and pass a background investigation.  See Code §§ 9-182, -183.3.  They are also subject to investigation and discipline by the Criminal Justice Services Board.  See Code § 9-182.

Security officers have several powers normally reserved for police officers.  They are exempt from civil liability in connection with the detention of a person suspected of larceny.  See Code §§ 18.2-105, -105.1.  When a crime is committed in an officer's presence or probable cause exists to suspect someone of shoplifting, the officer may "effect an arrest" and is "considered an arresting officer."  Code § 9-183.8.  As an arresting officer, a security officer may "take the name and address of such person and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice."  Code § 19.2-74.

Through substantial regulation, the General Assembly has clothed registered security officers with many of the powers reserved for public employees or officers.  Indeed, in some instances, a security officer is treated exactly like a police officer.  We hold that where, as here, a registered security officer is engaged in a duty specifically granted by statute, that officer is a "public officer or public employee" for purposes of Code § 18.2-168.  When defendant forged the summons

issued by Sergeant Primus, it was as if defendant had forged a summons issued to him by a police officer, and the same criminal culpability resulted.  See Pope v. Commonwealth, 19 Va. App. 130, 449 S.E.2d 269 (1994).

We are careful to limit our holding to the four corners of the case before us.  We do not hold that a private security officer is a public officer or public employee for all purposes or even most purposes.  The general rule is that he is not. See, e.g., United States v. Francoeur, 547 F.2d 891, 893 (5th Cir.), cert. denied, 431 U.S. 932 (1977) (holding that amusement park security guards are not state actors for Fourth Amendment search and seizure purposes); Mier v. Commonwealth, 12 Va. App. 827, 833, 407 S.E.2d 342, 346 (1991) (holding that security agents are not state actors for Fifth Amendment custodial interrogation purposes).  We merely hold that, considering the legislative intent evidenced by the code sections at issue, Sergeant Primus was a "public officer" in this instance.

Accordingly, defendant's conviction is affirmed.

Affirmed.