COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


ANDREW K. WALLER
                                        MEMORANDUM OPINION* BY
v.    Record No. 0657-98-2              JUDGE JAMES W. BENTON, JR.
                                               JUNE 8, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

          John H. Click, Jr. (White, Blackburn & Conte,
          P.C., on brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     A judge tried Andrew K. Waller on the charges of rape and

attempted murder of Moore, and he convicted Waller of rape and

assault.  On this appeal, Waller contends that the circuit court

lacked jurisdiction over the case because the preliminary hearing

was not held in the juvenile and domestic relations district

court, which has exclusive jurisdiction to determine probable

cause in cases involving a "family or household member."  See Code

§§ 16.1-228 and 16.1-241(J).  We affirm the convictions.

                                I.

     The evidence in the record proved that Waller and Moore had a

romantic relationship for approximately one year and had been in a

_____
     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

sexual relationship for several months. During that time, Moore and Waller had lived together in the home of Waller's mother for "about three to four months." However, Moore left Waller's mother's home in December 1996 and moved to an apartment. In May 1997, Moore "was ending [the] relationship" with Waller. Later that month, Waller entered Moore's apartment, took a knife from the kitchen area, grabbed Moore by the neck, and threatened her. Waller pushed Moore down onto the bed, removed her clothing, and then had sexual intercourse with Moore against her will.

After Waller was arrested, a judge of the general district court, criminal division, found probable cause to believe Waller committed the offenses of rape and attempted murder. During the trial in the circuit court, the Commonwealth proved in its case-in-chief the acts described above. After the Commonwealth rested its case, Waller moved to dismiss the indictments. He argued that the circuit court lacked jurisdiction to try the case because Moore was a "family member," as defined in Code § 16.1-241, and, therefore, the preliminary hearing should have occurred in the juvenile and domestic relations district court. Finding that the certification of the case to the grand jury and the grand jury indictment "took care of" any defects, the trial judge overruled the motion.

## II.

Waller and the Commonwealth agree that Moore is a "family or household member," as defined by Code § 16.1-228. They also agree

-

that the current version of Code § 16.1-241 governs this case.  As pertinent to this appeal, Code § 16.1-241 gave the juvenile court "exclusive jurisdiction" over the preliminary hearing according to the following terms:

> All offenses in which one family or household member is charged with an offense in which another family or household member is the victim . . . .
>
> In prosecution for felonies over which the court has jurisdiction, jurisdiction shall be limited to determining whether or not there is probable cause.  Any objection based on jurisdiction under this subsection shall be made . . . , in a nonjury trial, before the earlier of when the court begins to hear or receive evidence or the first witness is sworn, or it shall be conclusively waived for all purposes.

Code § 16.1-241(J) (emphasis added).

As we recently decided in Burke v. Commonwealth, 29 Va. App. 183, 190, 510 S.E.2d 743, 746 (1999), "appellant waived his objection to the juvenile court's . . . jurisdiction over his preliminary hearing by not raising such objection before trial in the circuit court."  For the reasons fully explained in Burke, we hold that Waller waived his objection by delaying the challenge until after evidence had been taken.  Accordingly, we hold that the circuit court had jurisdiction to try the criminal charges, and we affirm the judgment.

Affirmed.

-