523 S.E.2d 544

Andre Vashawn CARTER, a/k/a Dre, Appellant,

v.

COMMONWEALTH of Virginia, Appellee.

Record No. 0076–98–4.

Court of Appeals of Virginia.

Jan. 27, 2000.

(Joseph D. Morrissey; James T. Maloney; Morrissey, Hershner & Jacobs, Richmond, on brief), for appellant.

(Mark L. Earley, Attorney General; Virginia B. Theisen, Assistant Attorney General, on brief), for appellee.

Present: COLEMAN, ELDER and BUMGARDNER, JJ.

UPON A REHEARING

By memorandum opinion dated June 29, 1999, we rejected the four assignments of error presented by Andre Vashawn Carter (appellant) on appeal, and we affirmed his convictions for first-degree murder, robbery, and use of a firearm in the commission of each of those offenses, all arising out of an incident occurring on December 18, 1996, when appellant was seventeen years old. By order entered October 8, 1999, we stayed our previous decision and granted appellant's motion for rehearing to further evaluate the argument that the circuit court lacked subject matter jurisdiction to enter those convictions because of an alleged failure to give notice of the preliminary hearing to appellant's father. For the reasons that follow, we hold that appellant's jurisdictional argument is without merit, and we reinstate our memorandum opinion of June 29, 1999.

Lack of subject matter jurisdiction ordinarily may not be waived and may be raised even for the first time on appeal because it renders a conviction void. *See, e.g., Burfoot v.*

*Commonwealth,* 23 Va.App. 38, 51, 473 S.E.2d 724, 731 (1996). We previously have held that the parental notification provisions of Code §§ 16.1–263 and –264, "relating to procedures for instituting proceedings against juveniles, are mandatory and jurisdictional," *Karim v. Commonwealth,* 22 Va.App. 767, 779, 473 S.E.2d 103, 108–09 (1996) (*en banc*), and that failure to serve notice "on the required parties" renders "the transfer of jurisdiction . . . ineffectual and the subsequent convictions . . . void," *Baker v. Commonwealth,* 28 Va.App. 306, 313, 504 S.E.2d 394, 398 (1998), *aff'd per curiam,* 258 Va. 1, 2, 516 S.E.2d 219, 220 (1999). Both *Karim* and *Baker* involved offenses which occurred before July 1, 1996. *See Karim,* 22 Va.App. at 769–70, 473 S.E.2d at 104; *Baker,* 28 Va.App. at 308, 504 S.E.2d at 395.

Significantly, "[a] court has only such jurisdiction as is granted to it by statute or by the Constitution." *Roach v. Director, Dep't of Corrections,* 258 Va. 537, 546, 522 S.E.2d 869, 873 (1999). "[W]hen subject-matter jurisdiction is statutorily created, the legislature is entitled to carve out exceptions to the general rule governing the judicial exercise of jurisdiction and provide that the statutorily created subject-matter jurisdiction may be waived if objection is not made in accordance with the statute." *Burke v. Commonwealth,* 29 Va.App. 183, 188, 510 S.E.2d 743, 746 (1999).

In 1996, the General Assembly enacted just such a provision when it revised the statutes delineating the conditions under which a juvenile offender may be tried as an adult. *See* 1996 Va. Acts, chs. 755, 914. Those amendments apply to "offenses committed and to records created and proceedings held with respect to those offenses on or after July 1, 1996." *Id.* Code § 16.1–269.1 now provides for the juvenile and domestic relations district court to conduct a preliminary hearing, rather than a transfer hearing, for a juvenile fourteen years of age or older charged with various felonies including murder. Significantly, it also provides that "[a]n indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile's age." Code § 16.1–269.1(E). Thus, the legislature has provided that, as to

offenses committed on or after July 1, 1996, once an indictment has been returned in the circuit court, any failure to comply with the parental notification provisions of Code §§ 16.1–263 and –264 does not deprive the court of subject matter jurisdiction.

Therefore, assuming without deciding that the juvenile court failed to comply with the notice provisions of Code § 16.1–263, appellant waived his right to challenge that failure by not raising it before his indictment in the circuit court.[1]

Having found no error in the opinion of this Court, the stay of the June 29, 1999 mandate is lifted, the mandate entered on that date is reinstated and the judgment of the trial court is affirmed.

This order shall be published and certified to the trial court.

---

1. To the extent that appellant's brief on rehearing may be construed to assert a violation of his constitutional rights, we note that even constitutional arguments are waived if not raised in a timely fashion. *See* Rule 5A:18; *Deal v. Commonwealth,* 15 Va.App. 157, 161, 421 S.E.2d 897, 900 (1992).