January 27, 2000

Professor Richard A. Williamson          Elizabeth Oyster, Esq.
College of William and Mary              Geronimo Development Corp.
Williamsburg, Virginia 23185             606 25th Avenue, South
                                         Suite 206
Mr. David M. George                      St. Cloud, Minnesota  56301
Government Relations Contracts
D5-20                                    Mead Data Central, Inc.
West Group                               Legal Data Collections
610 Opperman Drive                       8891 Gander Creek Drive
Eagan, Minnesota 55123                   Miamisburg, Ohio 45342

Paul Fletcher, Publisher
Virginia Lawyers Weekly
106 North Eighth Street
Richmond, Virginia 23219

          Re:   Andre Vashawn Carter, a/k/a Dre
                v. Commonwealth of Virginia
                Record No. 0076-98-4

Gentlemen and Ms. Oyster:

     I am enclosing to you a copy of an order entered by this
Court in the above-referenced case on January 27, 2000.  The Court
has directed that this order be published in the appropriate
volumes.  I appreciate your cooperation in ensuring that
publication is accomplished.

                              Sincerely,



                              Marty K. P. Ring
                              Deputy Clerk

MKPR:mfr

Enclosure

                                    Tuesday        27th

        January, 2000.


Andre Vashawn Carter, a/k/a Dre,                        Appellant,

  against      Record No. 0076-98-4
               Circuit Court Nos. CR41111 through CR41114

Commonwealth of Virginia,                              Appellee.


                      Upon a Rehearing

         Before Judges Coleman, Elder and Bumgardner

         (Joseph D. Morrissey; James T. Maloney;
         Morrissey, Hershner & Jacobs, on brief), for
         appellant.

         (Mark L. Earley, Attorney General; Virginia
         B. Theisen, Assistant Attorney General, on
         brief), for appellee.


         By memorandum opinion dated June 29, 1999, we rejected

the four assignments of error presented by Andre Vashawn Carter

(appellant) on appeal, and we affirmed his convictions for

first-degree murder, robbery, and use of a firearm in the

commission of each of those offenses, all arising out of an

incident occurring on December 18, 1996, when appellant was

seventeen years old.  By order entered October 8, 1999, we stayed

our previous decision and granted appellant's motion for

rehearing to further evaluate the argument that the circuit court

lacked subject matter jurisdiction to enter those convictions

because of an alleged failure to give notice of the preliminary

hearing to appellant's father.  For the reasons

that follow, we hold that appellant's jurisdictional argument is without merit, and we reinstate our memorandum opinion of June 29, 1999.

Lack of subject matter jurisdiction ordinarily may not be waived and may be raised even for the first time on appeal because it renders a conviction void. See, e.g., Burfoot v. Commonwealth, 23 Va. App. 38, 51, 473 S.E.2d 724, 731 (1996). We previously have held that the parental notification provisions of Code §§ 16.1-263 and -264, "relating to procedures for instituting proceedings against juveniles, are mandatory and jurisdictional," Karim v. Commonwealth, 22 Va. App. 767, 779, 473 S.E.2d 103, 108-09 (1996) (en banc), and that failure to serve notice "on the required parties" renders "the transfer of jurisdiction . . . ineffectual and the subsequent convictions . . . void," Baker v. Commonwealth, 28 Va. App. 306, 313, 504 S.E.2d 394, 398 (1998), aff'd per curiam, 258 Va. 1, 2, 516 S.E.2d 219, 220 (1999). Both Karim and Baker involved offenses which occurred before July 1, 1996. See Karim, 22 Va. App. at 769-70, 473 S.E.2d at 104; Baker, 28 Va. App. at 308, 504 S.E.2d at 395.

Significantly, "[a] court has only such jurisdiction as is granted to it by statute or by the Constitution." Roach v. Director, Dep't of Corrections, 258 Va. 537, 546, ___ S.E.2d ___, ___ (1999). "[W]hen subject-matter jurisdiction is statutorily created, the legislature is entitled to carve out exceptions to the general rule governing the judicial exercise of jurisdiction and provide that the statutorily created subject-matter jurisdiction may be waived if objection is not made in accordance with the statute." Burke v. Commonwealth, 29 Va. App. 183, 188,

-3-

510 S.E.2d 743, 746 (1999).

In 1996, the General Assembly enacted just such a provision when it revised the statutes delineating the conditions under which a juvenile offender may be tried as an adult.  See 1996 Va. Acts, chs. 755, 914.  Those amendments apply to "offenses committed and to records created and proceedings held with respect to those offenses on or after July 1, 1996."  Id. Code § 16.1-269.1 now provides for the juvenile and domestic relations district court to conduct a preliminary hearing, rather than a transfer hearing, for a juvenile fourteen years of age or older charged with various felonies including murder. Significantly, it also provides that "[a]n indictment in the circuit court cures any error or defect in any proceeding held in the juvenile court except with respect to the juvenile's age." Code § 16.1-269.1(E).  Thus, the legislature has provided that, as to offenses committed on or after July 1, 1996, once an indictment has been returned in the circuit court, any failure to comply with the parental notification provisions of Code §§ 16.1-263 and -264 does not deprive the court of subject matter jurisdiction.

Therefore, assuming without deciding that the juvenile court failed to comply with the notice provisions of Code § 16.1-263, appellant waived his right to challenge that failure by not raising it before his indictment in the circuit court.[1]

Having found no error in the opinion of this Court, the stay of the June 29, 1999 mandate is lifted, the mandate entered

---

[1] To the extent that appellant's brief on rehearing may be construed to assert a violation of his constitutional rights, we note that even constitutional arguments are waived if not raised in a timely fashion.  See Rule 5A:18; Deal v. Commonwealth, 15

-4-

on that date is reinstated and the judgment of the trial court is affirmed.

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

---