COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Frank
Argued at Alexandria, Virginia


VISANOUKOUN SOUKSENGMANY

                                    MEMORANDUM OPINION* BY
v.    Record No. 1641-99-4         JUDGE LARRY G. ELDER
                                         APRIL 4, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                    Thomas D. Horne, Judge

           Pamela L. Grizzle (Pamela L. Grizzle, P.C.,
           on brief), for appellant.

           Michael T. Judge, Assistant Attorney General
           (Mark L. Earley, Attorney General, on
           brief), for appellee.


     Visanoukoun Souksengmany (appellant) appeals from his

convictions for breaking and entering, robbery, and four counts

of abduction, entered on his guilty pleas.[1]  All offenses

occurred on or about August 20, 1996, when appellant was a

juvenile.  In 1999, following indictment, conviction, and

sentencing in the circuit court, appellant moved the trial court

to set aside his convictions.  Citing Baker v. Commonwealth, 28

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] The Commonwealth filed a motion to transfer this appeal to
the Virginia Supreme Court based on our purported lack of
jurisdiction.  By order entered January 12, 2000, that motion
was denied, and we give no further consideration to the
Commonwealth's jurisdictional argument.

Va. App. 306, 504 S.E.2d 394 (1998), aff'd, 258 Va. 1, 516 S.E.2d 219 (1999), appellant contended the circuit court lacked jurisdiction to convict him because he was a juvenile at the time of the offenses and the record failed to establish that either he or his mother was served with summonses as required by Code § 16.1-263.

The resolution of this appeal is controlled by the recent decision in Moore v. Commonwealth, ___ Va. ___, ___ S.E.2d ___ (2000) (No. 990776). See also Carter v. Commonwealth, 31 Va. App. 393, 394-95, 523 S.E.2d 544, 545 (2000). Because the offenses for which appellant was convicted occurred on or after July 1, 1996, the amendments to Code § 16.1-269.1 apply. See Moore, ___ Va. at ___, ___ S.E.2d at ___. Therefore, appellant's indictment in the circuit court cured the alleged defects, and the circuit court properly denied his motion to set aside the convictions. See id.

For these reasons, we affirm the trial court's refusal to set aside the convictions.

                                                    Affirmed.