COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


CARLTON NELSON, JR., A/K/A
 CARLTON WILLIAMS
                                    MEMORANDUM OPINION* BY
v.    Record No. 0283-99-1          JUDGE RICHARD S. BRAY
                                        APRIL 4, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Von L. Piersall, Jr., Judge

          Anthony J. Nicolo (Ferrell, Sayer & Nicolo,
          on brief), for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Carlton Nelson, Jr. (defendant) was convicted on an

indictment charging aggravated malicious wounding and related

use of a firearm, crimes committed on November 6, 1996, while

defendant was seventeen years of age.  On appeal, defendant

argues that the trial court was without jurisdiction because (1)

the offense of aggravated malicious wounding was not certified

to the grand jury from the juvenile and domestic relations

district court (J&D court), and (2) his natural mother was not

notified of the initial J&D court proceedings in accordance with

former Code § 16.1-263(A).  Defendant further complains that the

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

trial court erroneously limited cross-examination of a Commonwealth witness.  We affirm the trial court.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

## I.  Aggravated Malicious Wounding

The instant prosecution was commenced in the J&D court upon petitions alleging that defendant committed certain acts, which constituted aggravated malicious wounding "in violation of Code [§] 18.2-51.2," and "use[d] [a] firearm in the commission of [such] offense."  Following a preliminary hearing pursuant to Code § 16.1-269.1(B), the provision applicable to aggravated malicious wounding,[1] the J&D court found "from the evidence presented . . . that [defendant] was fourteen (14) years of age or older at the time of the alleged offense[s]" and "that there is probable cause to believe that [he] committed the offense[s] alleged in the petition[s]," ordering "the said charges" certified to the grand jury."

However, the order, on a single occasion, inconsistently recited that defendant was before the J&D court on a petition

---

[1] Code § 16.1-269.1(B) provides, in pertinent part:  "The juvenile court shall conduct a preliminary hearing whenever a juvenile fourteen years of age or older is charged with . . . aggravated malicious wounding in violation of § 18.2-51.2."

Code § 16.1-269.1(C) provides, in pertinent part:  "The juvenile court shall conduct a preliminary hearing whenever a juvenile fourteen years of age or older is charged with . . . malicious wounding in violation of § 18.2-51 . . . . ."

-

that alleged "Malicious Wounding," rather than aggravated malicious wounding. Thus, after arraignment in the trial court on the subject indictment, defendant moved to "restrict the Commonwealth from proceeding on . . . aggravated malicious wounding," contending that only malicious wounding was certified by the J&D court to the grand jury.

Defendant's argument overlooks Code § 16.1-269.1(D), which provides, in pertinent part:

> If the court does not find probable cause to believe that a juvenile has committed the violent juvenile felony as charged in the petition or warrant, or if the petition or warrant is terminated by dismissal in the juvenile court, the attorney for the Commonwealth may seek a direct indictment in the circuit court.

Thus, assuming, without deciding, that the J&D court found the evidence insufficient to establish probable cause to believe defendant committed aggravated malicious wounding and intended to certify the lesser offense of malicious wounding to the grand jury, the Commonwealth was free to proceed by direct indictment for the original offense, notwithstanding such order.

## II. Notice

Former Code § 16.1-263(A) required that, "after a petition has been filed," the juvenile court "shall direct the issuance of summonses, one directed to the juvenile . . . and another to

-

the parents . . . ."[2]  The Commonwealth concedes that such notice

was not provided defendant's mother incident to the petitions

commencing the subject prosecution in the J&D court.

We have previously "held that the provisions of Code

§§ 16.1-263 and 16.1-264, 'relating to procedures for

instituting proceedings against juveniles, are mandatory and

jurisdictional,' and the failure to 'strictly follow' these

notice procedures denies a juvenile defendant 'a substantive

right and the constitutional guarantee of due process.'"  Baker

v. Commonwealth, 28 Va. App. 306, 310, 504 S.E.2d 394, 396

(1998) (quoting Karim v. Commonwealth, 22 Va. App. 767, 779, 473

S.E.2d 103, 108-09 (1996) (en banc)), aff'd per curiam, 258 Va.

1, 516 S.E.2d 219 (1999).  Thus, a default in the requisite

"notice of the initiation of juvenile proceedings" renders "the

transfer of jurisdiction" "ineffectual and the subsequent

convictions . . . void."  Id. at 315, 504 S.E.2d at 399.

In 1996, the General Assembly enacted Code § 16.1-269.1(E),

which provides that "[a]n indictment in the circuit court cures

any error or defect in any proceeding held in the juvenile court

except with respect to the juvenile's age."  Thus, "under the

plain language of [Code § 16.1-269.1(E)], an indictment by a

grand jury cures any defect or error, except one regarding

---

[2] Although inapplicable to the subject prosecutions, the
1999 session of the General Assembly amended Code § 16.1-263(A),
substituting "the parents" with "at least one parent."

-

[defendant's] age, which . . . occurred in [the J&D court] proceeding," including the Commonwealth's failure to comply with statutory notice requirements. Moore v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (2000). "[T]he provisions of Code § 16.1-269.1(E) apply only to offenses committed on or after July 1, 1996," and, though inapplicable to the Baker and Karim crimes, both committed prior to the effective date, id. at ___, ___ S.E.2d at ___, clearly cure any deficiency in notice to defendant's mother arising from the subject J&D court proceeding. See id.; see also Carter v. Commonwealth, 31 Va. App. 393, 394-95, 523 S.E.2d 544, 544-45 (2000).

### III. Cross-examination

During cross-examination of Commonwealth witness Larry Brooks, defendant's counsel began inquiry into the collective activities of defendant, the victim, Brooks, and his daughter on the day of the offenses, which, although unrelated to the crimes, established inconsistencies in the victim's earlier testimony. The Commonwealth objected, arguing that the evidence was "extrinsic evidence of a collateral matter," intended only to "impeach the witness," and inadmissible. Defendant countered that the testimony "directly relates to what [the victim] stated happened that day." The trial court sustained the objection and defendant did not pursue the issue further with the witness.

> Cross-examination of prosecution witnesses "is 'fundamental to the truth-finding process and is an absolute right guaranteed

-

> to an accused by the confrontation clause of the sixth amendment.'" . . .
>
> However, the defendant's right to cross-examine witnesses does not extend to collateral and irrelevant matters. A witness cannot be impeached by evidence of a collateral fact, which is not relevant to the issues of the trial, even though to some extent it has a bearing on the issue of credibility.

Maynard v. Commonwealth, 11 Va. App. 437, 444, 399 S.E.2d 635, 639 (1990) (en banc) (citations omitted). "'The test as to whether a matter is material or collateral, in the matter of impeachment of a witness, is whether or not the cross-examining party would be entitled to prove it in support of his case.'" Id. at 445, 399 S.E.2d at 640 (quoting Allen v. Commonwealth, 122 Va. 834, 842, 94 S.E. 783, 786 (1918)).

Here, defendant does not contend that the proposed cross-examination of Brooks was probative of any matter in issue, save the victim's credibility, and the record does not suggest otherwise. To the contrary, defendant acknowledged that the questioning pertained only to the victim's recollection of events preceding the offenses, matters irrelevant to the issues before court and clearly collateral. The court, therefore, correctly precluded the cross-examination in contention.

Accordingly, we affirm the convictions.

Affirmed.

-