# CIRCUIT COURT OF THE CITY OF ROANOKE

Victor F. Foti

v.

Western Sizzlin Corp.

February 6, 2004

Case No. CH03-862

BY JUDGE CHARLES N. DORSEY

This case comes on upon demurrer. Complainant, Victor F. Foti, is a former president of Respondent, Western Sizzlin Corporation ("Western Sizzlin"), a Delaware corporation with its principal place of business in Roanoke, Virginia. Foti made a written request as permitted by 8 Delaware Code § 220 that he, as a shareholder of Western Sizzlin, be permitted to inspect the corporate books and records. Western Sizzlin denied Foti's request. Foti then filed a Bill of Complaint requesting that this court issue a Writ of Mandamus under 8 Delaware Code § 220, compelling Western Sizzlin to allow Foti to inspect its books and records. Western Sizzlin filed a demurrer, contending that the Delaware Court of Chancery is vested with exclusive jurisdiction over all challenges brought under 8 Delaware Code § 220.

Foti then amended his complaint to add requests for identical relief under Virginia's shareholder inspection statutes, Virginia Code §§ 13.1-771 through 13.1-773 or, alternatively, under Virginia's common law. Western Sizzlin followed with a second demurrer to all three claims. After oral argument, the Court took the matter under advisement. For the reasons outlined below, Western Sizzlin's demurrer is now sustained on all counts.

## Analysis

A demurrer does not reach to the merits of a claim, but merely tests the legal sufficiency of the Bill of Complaint. *Thompson v. Skate Am., Inc.*, 261

Va. 121, 128, 540 S.E.2d 123, 126 (2001). "It 'admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred'." It does not, however, admit the correctness of any of the legal conclusions contained therein. *Id.*

*8 Delaware Code § 220*

Western Sizzlin correctly asserts that the Delaware Court of Chancery has exclusive jurisdiction to order inspection under 8 Delaware Code § 220.[1] Subject matter jurisdiction may only be conferred on the courts of this Commonwealth by the Constitution of Virginia or by the General Assembly. *Thacker v. Hubard & Appleby*, 122 Va. 379, 386, 94 S.E. 929, 930 (1918). Where subject matter jurisdiction is acquired from the General Assembly, the General Assembly may naturally choose to withhold, limit or carve out exceptions to the rules governing jurisdiction. *Burke v. Commonwealth*, 29 Va. App. 183, 188, 510 S.E.2d 743, 746 (1999). Just as decisions of one state's highest court, interpreting the laws of that jurisdiction, become controlling authority in all other State and Federal courts,[2] comity suggests that limitations one state's legislature places on its own laws be universally acknowledged. This court has no jurisdiction to hear a claim under a Delaware statute when the Delaware legislature has conferred jurisdiction exclusively on its own courts and neither the Constitution of Virginia nor the General Assembly grants authority to supercede such restriction. The demurrer as to this portion of the claim will be sustained.

Virginia Code §§ 13.1-771 through 13.1-773

Western Sizzlin next demurs to Foti's claim under Virginia's shareholder inspection statutes, Virginia Code §§ 13.1-771 through 13.1-773. These code sections outline the requirements for shareholders to inspect and copy the records of a corporation upon written request (§ 13.1-771), define the scope of the inspection right (§ 13.1-772), and provide guidelines for court ordered inspection (§ 13.1-773). They do not, however, apply to foreign

---

[1] "The Court of Chancery is hereby vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought." 8 Del. C. § 220.

[2] *King v. Forst*, 239 Va. 557, 560, 391 S.E.2d 60, 62 (1990) (Other citations omitted but citing Chief Justice Marshall in *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152 (1825), for the foundational principle that, "no Court in the universe . . . would . . .undertake to say, that the Courts of Great Britain, or of France, or of any other nation, had misunderstood their own statutes, and therefore erect itself into a tribunal which should correct such misunderstanding.").

corporations. The word "corporation" in Title 13.1, is defined as a corporation that is *"organized under this Act or existing pursuant to the laws of this Commonwealth"* interchangeable with the term *"domestic corporation."* Va. Code § 13.1-603 (emphasis added). The General Assembly has not chosen to extend the right of inspection to shareholders of foreign corporations.

Even though Virginia Code § 13.1-773 provides that the circuit court located where the corporation has its principal office may summarily order inspection and copying of records by the shareholder, this section does not confer subject matter jurisdiction over the compliance of a *foreign* corporation. This section employs the word "corporation," thus applying the statute only to those entities organized under the law of Virginia. Section 13.1-761 of the Code specifically states that: "this chapter [Chapter 9] does not authorize this Commonwealth to regulate the organization or internal affairs of a foreign corporation authorized to transact business in this Commonwealth." Va. Code. § 13.1-761. As discussed below, this is a codification of the then existing common law, which has long held such matters to be beyond the reach of Virginia's courts.

Virginia's corporate statutory scheme does not grant or permit such jurisdiction. The demurrer as to this portion of the claim will be sustained.

Common Law Right

Foti's third claim invokes a shareholder's pre-statutory common law right to inspect a corporation's books and records. Prior to the enactment of the Virginia Stock Corporation Act in 1956, similar, if not identical, common law principles controlled production of corporate records. As the Supreme Court of Virginia noted in *Bank of Giles Co. v. Mason*:

> The provisions of § 13.1-47 [now § 13.1-771] do not materially differ from the rules of the common law with respect to the rights of a stockholder to inspect the books and records of a corporation. Such statutes are generally held to be merely in affirmance of common law.

199 Va. 176, 181, 98 S.E.2d 905, 908 (1957) (deciding the case upon common law principles because the suit was filed prior to adoption of the Corporation Act).

Reading this language conclusively, the fact that the statute affirms the common law and does "not materially differ" from it suggests that there is

no common law right of inspection under these facts. The common law makes such a suggestion explicit and expressly disfavors Foti's requests.

Virginia has long held that its courts do not have jurisdiction to compel shareholder inspection of a foreign corporation's records. *Taylor v. Mutual Reserve Fund Life Assoc.* (decided in 1899) made clear that, "courts will not interfere with the management of the internal affairs of a foreign corporation." 97 Va. 60, 67, 33 S.E.2d 385, 388 (1899). Where a complainant's claim arises "solely in his capacity as a member of a corporation, whether it be as a stockholder, director, president, or other officer ... then such action is the management of the internal affairs of the corporation." *Id.* at 68-69, 33 S.E.2d at 388. Virginia courts under common law, prior to the enactment of the statutory scheme, would not compel foreign corporations to submit to their jurisdiction, under these facts. The complainant's request fails under the common law.

Sustaining the demurrer here does not leave Foti without a forum nor does it run afoul of full faith and credit concerns. As the U.S. Supreme Court stated in *Broderick v. Rosner*, becoming a shareholder "is something more than a contract, it is entering into a complex and abiding relation, and as marriage looks to domicile, membership looks to and must be governed by the law of the State granting the incorporation." 294 U.S. 629, 643-44 (1935). Foti may properly enforce his request as a shareholder of Western Sizzlin under 8 Delaware Code § 220 in the Court of Chancery of Delaware.

For the reasons stated, I perceive no need to grant leave to amend, but, should Mr. Rakes nonetheless wish to amend, leave to do so is granted. ("Leave to amend shall be liberally granted in furtherance of the ends of justice." Rule 1:8 of the Rules of the Supreme Court of Virginia.)