COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


JAMAL SHAGUN WINSTON, A/K/A
 JAMAL SHAQUAN WINSTON
                                           OPINION BY
v.        Record No. 0373-97-2      JUDGE LARRY G. ELDER
                                          MARCH 17, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Robert W. Duling, Judge

          Maureen L. White for appellant.

          John H. McLees, Jr., Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Jamal S. Winston ("appellant") appeals his convictions of

possession of cocaine in violation of Code § 18.2-250, possession

of a firearm while simultaneously possessing cocaine in violation

of Code § 18.2-308.4, carrying a concealed weapon in violation of

Code § 18.2-308, and grand larceny. He contends the trial court

erred when it denied his motion to set aside his convictions for

lack of subject matter jurisdiction. He also contends the

evidence was insufficient to support his convictions of carrying

a concealed weapon and of grand larceny. For the reasons that

follow, we affirm.

                              I.

                            FACTS

     Appellant was charged with committing five crimes:  grand

larceny of an automobile, possession of cocaine, possession of a

firearm while in possession of cocaine, carrying a concealed weapon, and possession of tools with intent to commit larceny. All of these crimes were allegedly committed on January 31, 1996. The proceedings against appellant were not initiated in a juvenile and domestic relations district court. Appellant was tried by the circuit court ("trial court") on April 24, 1996. During appellant's arraignment, the trial court asked appellant to state his name, age, and his date of birth. Appellant replied that his name was "Jamal Shagun Winston," that he was nineteen years old, and that he was born on August 6, 1976.

At the conclusion of the Commonwealth's case and again after resting without presenting evidence, appellant moved to strike three of the charges against him: grand larceny, carrying a concealed weapon, and possession of tools with the intent to commit larceny. The trial court denied appellant's motions with respect to the charges of grand larceny and carrying a concealed weapon, but granted appellant's motion to strike regarding the charge of possession of tools with intent to commit larceny. Following appellant's motions to strike, the trial court convicted appellant of the remaining four charges against him.

Appellant subsequently filed a timely notice of appeal and a timely petition for appeal. On November 5, 1996, appellant filed a motion in this Court to set aside his convictions for lack of subject matter jurisdiction. On November 20, 1996, this Court remanded appellant's convictions to the trial court "for factual

2

findings regarding appellant's age at the time of the alleged offense and disposition as appropriate."

On December 16, 1996 and January 17, 1997, the trial court held hearings to receive evidence regarding appellant's age. Following the hearings, the trial court denied appellant's motion to set aside the verdicts for lack of subject matter jurisdiction. The trial court made two findings. The trial court first found that appellant's age "cannot be determined by the exhibits introduced by [appellant]." Then, relying on the evidence presented by the Commonwealth, it found that both appellant and his mother "held [appellant] out to be an adult [on January 31, 1996] and have produced no evidence to convince this Court otherwise." The trial court also stated that appellant was not "permitted to come before the court and claim a juvenile status so as to benefit from his perjury and his alleged willful misrepresentations as to his age before the court."

## II.

### SUBJECT MATTER JURISDICTION

Appellant contends the trial court erred when it denied his motion to set aside the convictions for lack of subject matter jurisdiction. He argues the trial court erred when it found that he failed to prove he was a juvenile on the date the offenses were committed. We disagree.

A criminal conviction is void ab initio if it has been entered by a court that did not have subject matter jurisdiction

3

over the charge against the defendant.  See Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 893-94 (1947) (stating that, if a trial court lacked subject matter jurisdiction over a criminal charge, "its trial of the charge was a vain thing and the judgment pronounced was a nullity"); see also Brown v. Commonwealth, 215 Va. 143, 145, 207 S.E.2d 833, 835-36 (1974).

Under Code § 16.1-241(A), the juvenile and domestic relations district courts ("J&DR courts") have "exclusive original jurisdiction" over "all cases, matters and proceedings" involving a juvenile who is alleged to be delinquent.  See Burfoot v. Commonwealth, 23 Va. App. 38, 45, 473 S.E.2d 724, 728 (1996).  A juvenile is defined by Code § 16.1-228 to be "a person less than eighteen years of age."  "Delinquent acts" include "an act designated a crime under the law of this Commonwealth . . . ."  Code § 16.1-228 (defining "delinquent act").  The ages specified in the Juvenile and Domestic Relations District Court Law "refer to the age of the child at the time of the acts complained of . . . ."  Code § 16.1-241.

Pursuant to Code § 16.1-269.1, a circuit court may obtain jurisdiction to try a juvenile charged with certain criminal offenses after a transfer hearing is held by a J&DR court.  The holding of a transfer hearing and the making of the findings required by Code § 16.1-269.1 by a J&DR court are essential prerequisites of the circuit court's exercise of jurisdiction in

4

such cases.

> [I]f the [J&DR court] fails to hold a
> transfer hearing or to make the required
> findings, then the circuit court proceedings
> against a juvenile are void for lack of
> jurisdiction to try him or her as an adult.

Burfoot, 23 Va. App. at 49, 473 S.E.2d at 730 (citing Mathews v. Commonwealth, 216 Va. 358, 359, 218 S.E.2d 538, 540 (1975); Peyton v. French, 207 Va. 73, 80, 147 S.E.2d 739, 743 (1966)).

As with all void judgments, a void criminal conviction may be attacked collaterally or directly in any court at any time. See Humphreys, 186 Va. at 772, 43 S.E.2d at 893; see also Slaughter v. Commonwealth, 222 Va. 787, 793, 284 S.E.2d 824, 827 (1981); Broyhill v. Dawson, 168 Va. 321, 326, 191 S.E. 779, 781 (1937).

> Jurisdiction of the subject matter can only
> be acquired by virtue of the Constitution or
> of some statute.  Neither the consent of the
> parties, nor waiver, nor acquiescence can
> confer it.  Nor can the right to object for
> want of it be lost by acquiescence, neglect,
> estoppel or in any other manner.

Humphreys, 186 Va. at 772-73, 43 S.E.2d at 894.[1]  Generally, the

---

[1]In the juvenile context, there are statutory exceptions to the general rule regarding the non-waivability of objections to a circuit court's lack of subject matter jurisdiction.  For example, a juvenile charged with an offense "which if committed by an adult could be punishable by confinement in a state correctional facility" may waive the jurisdiction of the J&DR court prior to the commencement of a transfer hearing.  See Code § 16.1-270.  Such waivers must be both in writing and accompanied by the written consent of the juvenile's counsel.  See Code § 16.1-270.  In addition, in 1994, the General Assembly amended Article 7 of the Juvenile and Domestic Relations District Court Law (Code § 16.1-269.1 et. seq.) so that "[a]ny objection to the jurisdiction of the circuit court pursuant to [that] article shall be waived if not made before arraignment."  Code

party asserting that a judgment is void for lack of subject matter jurisdiction has the burden of proving that fact. Cf. Shelton v. Sydnor, 126 Va. 625, 633-34, 102 S.E. 83, 86-87 (1920); Carter's Adm'r v. Skillman, 108 Va. 204, 215-16, 60 S.E. 775, 779-80 (1908). In a proceeding to attack a judgment for lack of jurisdiction, "'the record is never conclusive as to the recital of a jurisdictional fact, and the defendant is always at liberty to show a want of jurisdiction, although the record avers the contrary.'" Slaughter, 222 Va. at 793, 284 S.E.2d at 827-28 (quoting Broyhill, 168 Va. at 327, 191 S.E. at 782). "[T]he jurisdiction of a court, whether general or of limited jurisdiction, may be inquired into, although the record of judgment states facts giving it jurisdiction." Broyhill, 168 Va. at 326-27, 191 S.E. at 782 (citations omitted). The party attacking the judgment is not estopped by the contents of the record "from showing[] by affirmative proof" that the court that entered the judgment erred when it concluded that jurisdiction

---

§ 16.1-269.6(E).
    It is clear that the waiver provision of Code § 16.1-269.6(E), as currently written, does not apply to this case. Code § 16.1-269.6(E) only applies to proceedings that were both (1) initiated by the filing of a petition in a J&DR court and (2) transferred to the circuit court following a valid transfer hearing pursuant to Code § 16.1-269.1. See Burfoot, 23 Va. App. at 51, 473 S.E.2d at 731. "The 'objections' contemplated by Code § 16.1-269.6(E) are arguments concerning deficiencies in the transfer process involving a particular juvenile." Id. The waiver provision of Code § 16.1-269.6(E) does not apply to cases, such as this one, in which "no petition was filed or transfer hearing was held." Id.

was proper.  <u>Id.</u> at 327, 191 S.E. at 782 (citations omitted).[2]

Thus, if, at the hearing on his motion to set aside the verdicts, appellant met his burden of proving that he was under the age of eighteen on the date the offenses were committed, his convictions are void because the record established that the charges against appellant were not transferred from a J&DR court prior to his trial in circuit court.

We hold that the trial court did not err when it denied appellant's motion to set aside the verdicts for lack of subject matter jurisdiction.  The trial court's finding that appellant failed to meet his burden of proving he was a juvenile on

---

[2]The Virginia Supreme Court has stated that, when a judgment is collaterally attacked, the attacking party is precluded from admitting any new or parol evidence. <u>Farant Inv. Corp. v. Francis</u>, 138 Va. 417, 429-30, 122 S.E. 141, 143 (1924) (stating that "the record is presumed to speak the truth and can be tried by inspection only; extrinsic evidence not being allowed to impeach the verity of the record").  Although this evidentiary prohibition may apply when prior convictions are collaterally attacked on non-jurisdictional grounds, the Virginia Supreme Court has expressly ratified the procedure of hearing evidence <u>in addition to</u> the record when a judgment is attacked for lack of jurisdiction.  <u>See</u> <u>Slaughter</u>, 222 Va. at 793-94, 284 S.E.2d at 827-28; <u>Broyhill</u>, 168 Va. at 326-28, 191 S.E. at 782.  To the extent that <u>Farant Inv. Corp.</u> stands for a contrary proposition, it appears to have been implicitly overruled on this point by <u>Broyhill</u> and <u>Slaughter</u>.  As the Supreme Court has stated:

> Notwithstanding the rule that a recitation in a court's order is a verity, a recitation of jurisdiction is subject to collateral attack. . . .  "If the court had no jurisdiction, it had no power to make a record, and the supposed record is not in truth a record."

<u>Slaughter</u>, 222 Va. at 793, 284 S.E.2d at 827-28 (quoting <u>Broyhill</u>, 168 Va. at 327, 191 S.E. at 782).

January 31, 1996, the date the offenses were committed, is supported by credible evidence in the record.

At the hearing to determine appellant's age on the date the offenses were committed, conflicting evidence was presented. Appellant offered two birth certificates issued by the City of Newark, New Jersey. One certificate stated that "Jaream Tyrell Winston" was born on August 17, 1976; the other certificate stated that "<u>Jameel</u> Shaquan Winston" was born on August 6, 1978. (Emphasis added). Appellant also offered four juvenile petitions and a social history report, all referring to "<u>Jameel</u> Shaquan Winston," which stated that "Jameel's" birthday was August 6, 1978. (Emphasis added). Furthermore, the trial court had the following exchange with appellant at the hearing:

> TRIAL COURT: Stand please, sir. What is your name?
>
> APPELLANT: Jamel Shaquan Winston
>
> TRIAL COURT: Spell your first name.
>
> APPELLANT: J-A-M-E-L
>
> TRIAL COURT: What happened to Jamal, J-A-M-A-L?
>
> APPELLANT: That's what they got down. That's what they've been calling me the whole time I've been locked up.
>
> TRIAL COURT: Tell me what name[s] are on these many birth certificates . . . that are coming in.
>
> APPELLANT'S COUNSEL: J-A-R-E-A-M and J-A-M-E-E-L, Jameel.
>
> TRIAL COURT: Jaream is your brother; is that right?
>
> APPELLANT: Yes.

8

TRIAL COURT:  And you are -- spell your name again?

APPELLANT:  J-A-M-E-L.

The Commonwealth introduced the testimony of Officers James F. Hannah and Mark Wooten, which established that appellant told them following his arrest on January 31, 1996, that he was born on August 6, 1976 and that he was nineteen years old.  In addition, the trial court read into the record a portion of the transcript from appellant's trial in which he told the trial court that he was nineteen and that his date of birth was August 6, 1976.

As the trier of fact, the trial court was entitled to weigh the evidence and determine the credibility of the witnesses.  Cf. Witt v. Commonwealth, 215 Va. 670, 674-75, 212 S.E.2d 293, 297 (1975).  When appellant's spelling of his first name failed to match the spelling of the person's name who had the birthdate of "August 6, 1978" on all of appellant's exhibits, the trial court was within its discretion to discount this evidence and credit appellant's previous statements that he was born on August 6, 1976.  Because credible evidence supports the trial court's conclusion that appellant failed to prove he was less than eighteen years of age on the date the offenses were committed, we cannot say the trial court erred when it denied appellant's motion to set aside his convictions for lack of subject matter jurisdiction.[3]

III.

SUFFICIENCY OF THE EVIDENCE

Appellant next contends the evidence was insufficient to support his convictions of carrying a concealed weapon and grand larceny.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). This Court does not substitute its judgment for that of the trier of fact. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). Instead, the trial court's judgment will not be set aside unless it appears that it is plainly wrong or without supporting evidence. Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

A.

CARRYING A CONCEALED WEAPON

Appellant argues the Commonwealth failed to prove that the

---

[3]Appellant also argues that the trial court erred when it concluded that he was estopped by his and his mother's representations to authorities that he was an adult on the date the offenses were committed from collaterally challenging the circuit court's subject matter jurisdiction over the charges against him. See Humphreys, 186 Va. at 772-73, 43 S.E.2d at 894; but see Peyton v. Penn, 270 F.Supp. 981, 984-85 (W.D. Va. 1967). However, we need not address this argument because, even assuming the trial court's analysis on this point was erroneous and that appellant was entitled to challenge the validity of his conviction on jurisdictional grounds, appellant failed to meet his burden of proof at the hearing on his motion.

handgun he was carrying was, in fact, "concealed." We disagree.

We hold that the evidence was sufficient to prove the handgun carried by appellant was concealed. Under Code § 18.2-308(A), it is unlawful for a person to carry a "weapon designed or intended to propel a missile of any kind" "about his person, hidden from common view." (Emphasis added). We have previously stated that a weapon is hidden from common view under Code § 18.2-308(A) when it is "hidden from all except those with an unusual or exceptional opportunity to view it." Main v. Commonwealth, 20 Va. App. 370, 372-73, 457 S.E.2d 400, 402 (1995) (en banc).

In this case, the Commonwealth proved with direct evidence that the handgun carried by appellant was hidden from common view. Officer Hannah testified that, while he was pursuing appellant on foot, he had an opportunity to view appellant from the back and front. He testified that he observed no visible sign that appellant was carrying a weapon. After the two scaled a large fence, Officer Hannah saw appellant retrieve a handgun from his right coat pocket and drop it on the ground. Even though Officer Hannah's pursuit of appellant occurred in darkness, his direct observation of appellant before he retrieved the gun from his coat pocket was sufficient to support the trial court's conclusion that this gun was "hidden from common view."

B.

GRAND LARCENY

11

Appellant also contends the evidence failed to prove that <u>he</u> was the person who took the victim's blue Pontiac. Specifically, he argues that the "larceny inference" cannot apply to him because the Commonwealth failed to prove that the victim's automobile was "recently" stolen when he was caught driving it. We disagree.

"[L]arceny is the taking and carrying away of the goods and chattels of another with intent to deprive the owner of the possession thereof permanently." <u>Lund v. Commonwealth</u>, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977). Under Code § 18.2-95, grand larceny includes "larceny not from the person of another of goods and chattels of the value of $200 or more." It is well established that "[o]nce the [larceny] is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." <u>Bright v. Commonwealth</u>, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987); <u>see also</u> <u>Castle v. Commonwealth</u>, 196 Va. 222, 226-27, 83 S.E.2d 360, 363 (1954). For the "larceny inference" to arise, the Commonwealth must establish that the accused was in exclusive possession of <u>recently</u> stolen property. <u>See</u> <u>Best v. Commonwealth</u>, 222 Va. 387, 389, 282 S.E.2d 16, 17 (1981).

We hold that the evidence was sufficient to prove that appellant was the person who stole the blue Pontiac from Ms. Yeoman. Although no evidence directly proved that appellant stole the automobile, the evidence proved that appellant was in

12

exclusive possession of the automobile shortly after it was stolen. Sally Rebecca Yeoman, the owner of the automobile, testified that she parked it near her home between 1:00 p.m. and 2:00 p.m on January 31, 1996, and discovered shortly after 8:00 p.m. that evening that the car had been stolen. Officer Hannah testified that he spotted appellant driving the automobile "around 9:30" p.m. on January 31 and that appellant was the only occupant of the car. Appellant's exclusive possession of the stolen automobile was sufficiently "recent" to justify the inference that he was the thief. See Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (holding that "[f]our weeks is not, as a matter of law, so long a time that goods may not be considered recently stolen"); Wright v. Commonwealth, 2 Va. App. 743, 748, 348 S.E.2d 9, 13 (1986) (holding that "the one month time lapse between when the items were discovered missing and when they were found in [the defendant's possession] is sufficiently brief to be construed as recent possession"). Because credible evidence supports the reasonable inference that appellant stole the blue Pontiac and no reasonable hypothesis of innocence flows from the evidence, we cannot say the trial court erred when it convicted appellant of grand larceny.

For the foregoing reasons, we affirm the convictions.

Affirmed.

13