COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


RICKIE ANDREW BINNS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1340-04-2                      JUDGE LARRY G. ELDER
                                                           APRIL 19, 2005
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Robert W. Duling, Judge Designate

                    Gregory W. Franklin, Senior Appellate Defender (Office of the
                    Public Defender, on brief), for appellant.

                     John H. McLees, Senior Assistant Attorney General (Jerry W.
                    Kilgore, Attorney General; Alice T. Armstrong, Assistant Attorney
                    General, on brief), for appellee.


        Rickie Andrew Binns (appellant) appeals from his jury trial convictions for burglary and

grand larceny. On appeal, he contends the evidence was insufficient to support his convictions

because it failed to prove he was the criminal agent. We hold appellant's own testimony,

coupled with other evidence, was sufficient to identify him as the perpetrator. Thus, we affirm.

        In reviewing the sufficiency of the evidence on appeal, we examine the record in the light

most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly

deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987). The judgment will be disturbed only if plainly wrong or without evidence to support it.

Id.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Circumstantial evidence is as competent as direct evidence to prove the elements of a crime as long as the evidence as a whole excludes all reasonable hypotheses of innocence flowing from it. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). Where "[t]he circumstances . . . all concur to form an unbroken chain which links the defendant to the crime beyond a reasonable doubt," the circumstantial evidence is sufficient to support the conviction. Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984).

Unless we conclude a witness' testimony must be rejected as a matter of law based on its inherent incredibility, we must defer to the credibility determinations of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985). In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused, in whole or in part, and to conclude that the accused is lying to conceal his guilt. Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc). A trial court's conclusion that the accused has lied is not substantive evidence of guilt, Tarpley v. Commonwealth, 261 Va. 251, 256-57, 542 S.E.2d 761, 764 (2001), but is "a circumstance, similar to flight from a crime scene, that a fact-finder may properly consider as evidence of guilty knowledge," Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004).

"Larceny is the taking and carrying away of the goods and chattels of another with intent to deprive the owner of the possession thereof permanently." Lund v. Commonwealth, 217 Va. 688, 691, 232 S.E.2d 745, 748 (1977). Under well-settled principles, the exclusive "[u]nexplained or falsely explained possession of recently stolen goods is a fact sufficient for the judge or jury to infer that the person in possession of the stolen goods was the thief." Lew v. Commonwealth, 20 Va. App. 353, 358, 457 S.E.2d 392, 394-95 (1995); see Winston v.

Commonwealth, 26 Va. App. 746, 757, 497 S.E.2d 141, 147 (1998). This evidentiary device is known as "the 'larceny inference.'" Winston, 26 Va. App. at 757, 497 S.E.2d at 148.

A similar inference is available in a prosecution for burglary. It is equally well established that:

> upon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time by the same person and as part of the same transaction, "the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of the larceny."

Sullivan v. Commonwealth, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969) (quoting Drinkard v. Commonwealth, 163 Va. 1074, 1083, 178 S.E. 25, 28 (1935)).

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that appellant possessed Haley Hopson's jar of coins, taken from the dresser in Bridget Branch's bedroom at 300 South Boulevard, within minutes after Branch and Hopson awoke to find an unidentified intruder standing over the dresser with a flashlight. The trier of fact was entitled to accept Hopson's testimony that the jar appellant broke on the street as appellant fled and Hopson gave chase was Hopson's jar, and to reject appellant's conflicting claim that he obtained the jar from his friend Sheila as she attempted to purchase drugs from Hopson. See, e.g., Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (involving claim of accused that he found goods at trash dump near burglarized residence); see also Covil, 268 Va. at 695-96, 604 S.E.2d at 82 ("In cases of this kind, when a defendant's 'hypothesis of innocence' is rejected as unreasonable, evidence of his possession of recently stolen goods is sufficient to support a conviction.").

Appellant's exclusive, falsely explained possession of the recently stolen jar, standing alone, permitted the jury to conclude that appellant was the thief. However, additional evidence

- 3 -

supported this conclusion. When Hopson awoke and saw the unidentified intruder flee from his location beside the dresser where Hopson kept the coin jar, Hopson heard change rattling. When Hopson ran outside after hurriedly pulling on his clothes, he saw only appellant as he walked along the street. When Hopson called out to appellant to inquire whether appellant had seen anyone running away, Hopson again heard the sound of change rattling, and appellant immediately took flight and fell on the jar Hopson was later able to identify as his. Appellant's statements to police and testimony at trial unequivocally established that he was the person who fell on the jar, fled from Hopson, and left a trail of blood around the abandoned building at 303 South Boulevard. Finally, when the police traced the blood trail appellant left when he abandoned the broken jar and continued his flight from Hopson, they found four coats that had also been taken from Branch's apartment during the burglary. This evidence provided additional proof that appellant was the thief of the coin jar, the coats, and the other items missing from Branch's apartment but never recovered.

This same evidence supported invocation of the inference that appellant committed burglary. Branch and Hopson testified that the doors to the apartment were locked when they went to bed but that they left their screened windows open because it was hot. No one else had permission to be in the apartment, and immediately after Hopson chased the intruder out of the apartment, they discovered that one of the screens had been lifted up. Thus, the evidence established a breaking and entering and theft of goods committed at the same time by the same person or persons as part of the same transaction, and appellant's falsely explained possession of some of the stolen goods shortly thereafter permitted the inference that he committed burglary as well as larceny.

We hold the evidence was sufficient to support appellant's convictions, and we affirm.

Affirmed.

- 4 -