COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Fitzpatrick
Argued at Salem, Virginia


FRED WILLIAM KINSER

MEMORANDUM OPINION* BY
v.        Record No. 0043-07-3          JUDGE JOHANNA L. FITZPATRICK
                                         DECEMBER 27, 2007
PATRICIA ANN FLEMING GRIMM KINSER


FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
Nicholas E. Persin, Judge

James R. Henderson IV (T. Shea Cook; Henderson & Forster, PLLC;
Cook & Neo, P.C., on briefs), for appellant.

Robert J. Breimann (Street Law Firm, LLP, on brief), for appellee.


Fred William Kinser, husband, appeals a decision of the trial court granting Patricia Ann

Fleming Grimm Kinser, wife, a divorce *a vinculo matrimonii*.  On appeal, husband asserts the trial

court lacked subject matter jurisdiction to grant the divorce.  Husband also contends the trial court

erred by awarding wife $2,500 in attorney's fees.  We affirm the trial court.

Background

The parties married on October 1, 1974.  On March 11, 1981, wife filed a bill of complaint

seeking a divorce from husband.  In her bill of complaint, she alleged she had been a resident and

domiciliary of Buchanan County for more than six months preceding the commencement of the

suit.  On March 17, 1981, the trial court "after considering the evidence presented by the

complainant *ore tenus* . . . [and] argument of counsel" ordered husband to pay wife *pendente lite*

spousal and child support.  Husband endorsed the order, "Seen and agreed."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

No further action occurred in the case for several years, and pursuant to Code § 8.01-335(B) the case was removed from the active docket in 1988. On May 28, 2004, wife filed a new bill of complaint seeking a divorce and an award for husband's arrearage owed based on the original *pendente lite* support payments established in the March 17, 1981 order. In June 2004, wife requested that she be allowed to establish the jurisdictional requirements for the divorce and the amount of the arrearage using "Depositional Affidavits" for herself and her witness. After consulting with husband and determining that he had no objection to the procedure, the trial court granted wife's request. In February 2005, wife noticed a hearing to enter a final divorce decree and establish an arrearage amount. Husband moved *inter alia* to consolidate the 1981 and 2004 proceedings, and the cases were consolidated on May 17, 2005. He also moved to vacate the March 17, 1981 order for lack of jurisdiction.

On October 18, 2005, the trial court heard argument on several of husband's motions, including his jurisdictional claim. The trial court noted that husband had not raised any question about the jurisdiction of the court in the twenty-four years since the entry of the 1981 order. However, further discovery occurred concerning the basis for husband's jurisdictional objections. Wife issued numerous discovery requests to husband, attempting to obtain information related to his jurisdictional challenge. Husband failed to produce any evidence to establish he was a resident or domiciliary of a location other than Buchanan County. He introduced a driver's license, a voter's card, and another document issued in October of 1980.

The court announced its intention to enter the divorce decree, including arrearage amounts, relying upon the affidavits submitted by wife. Husband objected to the court's use of the affidavits, and the trial court ruled that husband had previously consented to the use of the affidavits. The trial court also noted that husband could have cross-examined the affiants at any time prior to the entry of the decree. In addition, the trial court observed that the two cases had

- 2 -

been consolidated, the trial court had established jurisdiction in 1981, and husband had produced no evidence disputing that the court had jurisdiction to hear the case. The trial court entered the final decree, granting wife a divorce and establishing the support arrearage, and husband appealed.

Analysis

"Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies." Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999). Subject matter jurisdiction for divorce rests with the circuit court. Code § 20-96. No suit is maintainable unless one of the parties is and has been a *bona fide* resident and domiciliary for at least six months preceding the commencement of the suit. Code § 20-97. Those requirements are jurisdictional. Rock v. Rock, 7 Va. App. 198, 201, 372 S.E.2d 211, 213 (1988).

"Generally, the party asserting that a judgment is void for lack of subject matter jurisdiction has the burden of proving that fact." Winston v. Commonwealth, 26 Va. App. 746, 752, 497 S.E.2d 141, 144-45 (1998) (citations omitted).

The record clearly established that the trial court did not err when it denied husband's motion to dismiss for lack of subject matter jurisdiction.[1] In her 1981 bill of complaint, wife alleged she was and had been a resident and domiciliary of Buchanan County for more than six months preceding the commencement of the suit. Code § 20-96 requires that only one of the parties must meet the residency and domiciliary requirements in order to establish jurisdiction. Thus, wife's status was sufficient under the statute. Indeed, the written statement of facts states that on March 17, 1981, the trial court heard evidence *ore tenus* and argument of counsel and

---

[1] The parties relied on an agreed statement of facts and the orders accompanying it.

found it had jurisdiction to hear the case. The trial court then entered the order awarding *pendente lite* support and custody. Husband signed this order "Seen and agreed," and he did not suggest in 1981 that either he or wife were not residents or domiciliaries of Virginia. Thus, the trial court's jurisdiction to hear the case was established in 1981.

Upon husband's motion, the 1981 and the 2004 cases were merged and consolidated and, despite being given numerous opportunities to provide evidence related to the issue, husband never introduced evidence tending to refute the fact that jurisdiction was established in 1981. His submission of a copy of his driver's license, a voter registration card, and another document that were issued in October 1980 showing he was a resident of Buchanan County as of that date, does not preclude a finding that he was a resident two months earlier. The trial court was not required to find that this evidence outweighed evidence presented by wife or that it proved when husband established a residence or domicile in Buchanan County. Furthermore, husband provided incomplete and evasive answers to wife's discovery requests related to the jurisdiction issue. These are all factors properly considered by the trial court in determining that husband had not met his burden of proof.

Husband, having filed the motion to dismiss for lack of jurisdiction, had the burden of proof to establish that fact. "'[T]he moving party bears the burden of proof.'" Stockdale v. Stockdale, 33 Va. App. 179, 184, 532 S.E.2d 332, 335 (2000) (quoting Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996)). Because husband failed to prove the trial court lacked jurisdiction to grant the requested relief, the trial court did not err by denying husband's motion to dismiss.[2]

_____

[2] It appears the trial court incorrectly stated that husband was estopped from making his jurisdictional challenge. See Winston v. Commonwealth, 26 Va. App. 746, 752-53, 497 S.E.2d 141, 144-45 (1998) (right to object to subject matter jurisdiction cannot be lost by acquiescence or estoppel). However, the trial court allowed husband every opportunity to present evidence

Husband also challenges the trial court's use of the "Depositional Affidavits" of wife and her witness to establish the requisite jurisdictional facts and the amount of the arrearage. This contention is without merit. The trial court consulted with husband when wife requested leave of court to present the jurisdictional evidence and husband raised no objections. "'[A] [party], having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position.'" Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (quoting Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979)). Therefore, the trial court did not err in considering the affidavits.

Lastly, husband contends the trial court erred by awarding wife $2,500 in attorney's fees.

Whether to award attorney's fees is left to the sound discretion of the trial court. See, e.g., Lightburn v. Lightburn, 22 Va. App. 612, 621, 472 S.E.2d 281, 285 (1996). The trial court found husband's conduct in the case was "unduly contentious and unnecessar[ily] litigious." Husband provided incomplete and evasive answers to wife's discovery requests, and he never produced any evidence directly addressing the issue he repeatedly raised. Despite numerous attempts by the trial court to enter a final divorce decree, husband requested an additional continuance in order to obtain a psychiatric evaluation. He then missed the court-established deadline for filing any related report. Moreover, the amount awarded to wife was a portion of

---

related to the issue and stated that if husband presented such evidence, the trial court would consider it in its ruling. Therefore, even assuming the trial court erred by ruling that husband was estopped from challenging jurisdiction, the ruling was harmless error because the court considered his jurisdictional challenge on the merits. Non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678.

her actual costs and fees incurred in litigating the case.  Accordingly, the trial court did not abuse its discretion in awarding wife attorney's fees.

For these reasons, we affirm the decision of the trial court.

<u>Affirmed.</u>