COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


DAVID LYNN HALL, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 2902-07-3      JUDGE WILLIAM G. PETTY
FEBRUARY 17, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

Daphne S. Lincoln, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Following a bench trial, David Lynn Hall, Jr. was convicted of carnal knowledge of a

child between thirteen and fifteen years of age in violation of Code § 18.2-63. Hall argues on

appeal that proof that he was over eighteen years of age is an essential element of that offense

and, further, that the Commonwealth failed to prove that element. Hall also argues that his

conviction is void because the trial court lacked subject matter jurisdiction. We hold that the

evidence was sufficient to establish that Hall was over the age of eighteen and that the trial court

had subject matter jurisdiction. Accordingly, we affirm his conviction.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On appeal, we view those facts and incidents "in the light most favorable to the Commonwealth,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the party prevailing below, giving it all reasonable inferences fairly deducible from the evidence." Bowling v. Commonwealth, 51 Va. App. 102, 104, 654 S.E.2d 354, 355 (2007) (citing Ragland v. Commonwealth, 16 Va. App. 913, 915, 434 S.E.2d 675, 676-77 (1993)).

On December 16, 2006, T.J.C., a fourteen-year-old child, attended a birthday party for Hall. At the party, sometime around 1:00 to 2:00 a.m., Hall had sexual intercourse with T.J.C. T.J.C. testified that Hall did not use force. The Commonwealth indicted Hall for a violation of Code § 18.2-63, and the trial court found him guilty. It is from this judgment that Hall appeals.

I. ANALYSIS

A. Subject Matter Jurisdiction

Hall argues for the first time on appeal that because the Commonwealth failed to prove beyond a reasonable doubt that he was over eighteen, the Circuit Court of Augusta County lacked subject matter jurisdiction over the case and, therefore, the judgment is void. Hall did not include this issue in his question presented as required by Rule 5A:12(c). Typically, we will not consider questions not properly presented on brief. Rule 5A:12(c); see also Moore v. Commonwealth, 276 Va. 747, 753-55, 668 S.E.2d 150, 153-54 (2008). Nonetheless, because subject matter jurisdiction can be raised at any time by either party or *sua sponte* by the Court, Porter v. Commonwealth, 276 Va. 203, 225, 661 S.E.2d 415, 425 (2008), we will consider whether the trial court had subject matter jurisdiction over Hall.

> "Jurisdiction of the subject matter can only be acquired by virtue
> of the Constitution or of some statute. Neither the consent of the
> parties, nor waiver, nor acquiescence can confer it. Nor can the
> right to object for want of it be lost by acquiescence, neglect,
> estoppel or in any other manner."

Winston v. Commonwealth, 26 Va. App. 746, 752, 497 S.E.2d 141, 144 (1998) (quoting Humphreys v. Commonwealth, 186 Va. 765, 772-73, 43 S.E.2d 890, 894 (1947)).

"Generally, the party asserting that a judgment is void for lack of subject matter jurisdiction has the burden of proving that fact." Id. at 752, 497 S.E.2d at 144-45. When the contents of the record indicate that the trial court had jurisdiction, the "party attacking the judgment . . . [may] show [] by affirmative proof that the court that entered the judgment erred" because it did not have subject matter jurisdiction. Id. at 752-53, 497 S.E.2d at 145. Thus, Hall bears the burden of affirmatively proving that the circuit court lacked jurisdiction.

In Virginia, according to Code § 16.1-241(A), juvenile and domestic relations district courts have "exclusive original jurisdiction over all cases, matters, and proceedings involving a juvenile who is alleged to be delinquent." Winston, 26 Va. App. at 751, 497 S.E.2d at 144 (internal quotations marks and citations omitted). A juvenile is defined as a person who is "less than eighteen years of age." Code § 16.1-228. Moreover, a delinquent act is "an act designated a crime under the law of this Commonwealth." Id. Thus, Hall argues that unless the Commonwealth established that he was over eighteen years of age at the time of the offense, the juvenile and domestic relations district court had exclusive original jurisdiction over this matter.

Even if we were to assume that Hall's legal analysis is correct,[1] his argument fails because it incorrectly presumes that the record fails to establish his age. During arraignment, the trial judge asked Hall "[w]hat is your date of birth?" Hall replied, "12-13-86." Further, according to the indictment, the offense occurred on December 16, 2006. Based on this information, the trial court proceeded as if it had subject matter jurisdiction. Furthermore, Hall did not offer any "affirmative proof" that he was under the age of eighteen at the time of the

---

[1] Hall's argument presumes that the trial court could not have acquired subject matter jurisdiction if Hall were under the age of eighteen at the time of the offense. We decline to express an opinion as to whether this would constitute a lack of subject matter jurisdiction or whether it would merely implicate the trial court's authority to exercise its subject matter jurisdiction. See Nelson v. Warden, 262 Va. 276, 552 S.E.2d 73 (2001).

offense. Therefore, we conclude that the circuit court had jurisdiction to try the indictment against Hall. Code § 17.1-513.

## B. Sufficiency of Hall's Age

Hall's argument is three-fold: (1) age is an essential element of the offense in Code § 18.2-63, (2) the trial court erred by taking judicial notice of his age, and (3) the evidence was insufficient to prove that he was over eighteen. Assuming, without deciding, that the accused's age is an element of Code § 18.2-63(A), we believe that the evidence was sufficient to establish that Hall was over eighteen at the time of the offense. Thus, we affirm Hall's conviction.

"It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt. This fundamental precept has been the bedrock of Virginia's criminal jurisprudence since the inception of this Commonwealth." Tart v. Commonwealth, 52 Va. App. 272, 276, 663 S.E.2d 113, 115 (2008) (internal quotation marks and citations omitted). "When considering the sufficiency of the evidence presented below, we presume the judgment of the trial court to be correct and reverse only if the trial court's decision is plainly wrong or without evidence to support it." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (internal quotation marks and citations omitted); see Code § 8.01-680.

We have recognized that when age is an essential element of the crime, the jury, or the trial judge in a bench trial, may consider the defendant's "physical appearance . . . as proof that he is older than a given age." Bloom v. Commonwealth, 34 Va. App. 364, 371, 542 S.E.2d 18, 21 (2001) (citing Jewell v. Commonwealth, 8 Va. App. 353, 256, 382 S.E.2d 259, 261-62 (1989)). In furtherance of that rule, we have stated the following:

> If a criminal defendant's physical appearance indicates an age
> well above that required to be proven and the trial court
> determines that the fact finder is able to conclude beyond a
> reasonable doubt from the defendant's physical appearance that

- 4 -

> he exceeds the age required to be proven, then the defendant's physical appearance alone is sufficient evidence of his age, and the fact finder may resolve that issue based only on the defendant's physical appearance. However, in less obvious cases, where the defendant's physical appearance does not establish beyond a reasonable doubt that his age exceeds that required, then physical appearance alone is insufficient evidence of his age and must be corroborated.

Jewell, 8 Va. App. at 256, 382 S.E.2d at 261-62.

Hall argues that this is one of those "less obvious cases" and his physical appearance alone does not establish beyond a reasonable doubt that he is over eighteen. He also argues that the other evidence adduced at trial was insufficient to corroborate his age. The Commonwealth counters, however, by stating that we "need not decide whether . . . the defendant's appearance alone was sufficient proof of his age because the record clearly indicates that the trial court considered additional factors in concluding that Hall was over [eighteen]." We agree with the Commonwealth.

The Commonwealth did not offer any direct evidence to prove Hall's age at the time of the offense. Nonetheless, we have repeatedly recognized that a party may use both direct and circumstantial evidence to prove a fact in issue. Wilson v. Commonwealth, 220 Va. 26, 33, 255 S.E.2d 464, 468 (1979) (citing Cochran v. Commonwealth, 122 Va. 801, 817, 94 S.E. 329, 333 (1917)). Furthermore, "[w]hile no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Juniper v. Commonwealth, 271 Va. 362, 416, 626 S.E.2d 383, 418 (2006) (internal quotation marks and citations omitted). In addition, we have recognized that a fact finder may "draw reasonable inferences from basic facts to ultimate facts," Barnes v. Commonwealth, 47 Va. App. 105, 110 n.1, 622 S.E.2d 278, 280 n.1 (2005) (citation omitted), unless doing so would push "into the realm of *non sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted).

In this case, the evidence clearly established that the offense occurred on December 16, 2006 at a birthday party for Hall. Hall testified that he had graduated from high school. Moreover, during cross-examination, Hall stated that, at the party, "people that was [sic] 21 was [sic] drinking." The Commonwealth's attorney asked, "[d]oes that include you?" Hall replied, "I probably drank like two or three, probably."

At the conclusion of the trial Hall moved to strike the evidence arguing that appellant's age was an element of the offense and the Commonwealth failed to prove that element beyond a reasonable doubt. In response, the trial court said:

> I can sit here and look at him, and I've been looking at him and I watched him walk across the courtroom, I've heard him talk, and I'm going to take judicial notice of the fact that he is over 18 years of age, or – and – would have been, December of last year.[2]

Here, even if this were one of those occasions where the accused's appearance did not establish beyond a reasonable doubt that he was "well over" eighteen, Jewell, 8 Va. App. at 356, 382 S.E.2d at 261-62, it is apparent that the trial judge did not simply rely upon Hall's appearance at trial to determine that fact. Instead, the trial judge had before it Hall's statements that he graduated from high school, that he was celebrating a birthday, and that he was one of the people over twenty-one who were drinking. These facts, when combined with the trial court's observations of Hall's appearance, were sufficient to establish that Hall was over eighteen at the

---

[2] While the trial court said it was taking "judicial notice" of Hall's age, it is clear from the context of the statement that the trial court was actually making a factual finding based on its own observations. "In reviewing the record, . . . we will not 'fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied.'" Groves v. Commonwealth, 50 Va. App. 57, 62, 646 S.E.2d 28, 30 (2007) (quoting Bullock v. Commonwealth, 48 Va. App. 359, 368, 631 S.E.2d 334, 339-40 (2006) (citation omitted)). Accordingly, even though the trial judge used the term "judicial notice," we will treat his statement as a finding of fact.

time of the offense.[3]  Hence, we cannot conclude that the trial court's factual finding was plainly wrong or without evidence to support it.

## II. CONCLUSION

In summation, we hold that the trial court had jurisdiction to try the indictment against Hall.  And, assuming without deciding that age is an element of Code § 18.2-63, we believe that the evidence was sufficient to prove beyond a reasonable doubt that Hall was over eighteen. Therefore, we affirm Hall's conviction.

Affirmed.

---

[3] The trial judge specifically noted that he did not consider statements made during the arraignment as proof that Hall was over the age of eighteen.  See Crawley v. Commonwealth, 29 Va. App. 372, 379 n.2, 512 S.E.2d 169, 172 n.2 (1999).